UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON McDANIEL,

   Plaintiff,

v.

LAKEVIEW VILLAGE, INC.,

   Defendant.

Case No. 23-cv-2090-TC-TJJ

## ORDER STAYING DISCOVERY AND PRETRIAL PROCEEDINGS

On June 27, 2023, the Court conducted a telephone Status Conference to discuss case scheduling, anticipated discovery, and Defendant's opposed Motion to Stay Case (ECF No. 17). Plaintiff Jason McDaniel appeared *pro se*. Defendant appeared through counsel, David Cascio. After hearing argument from the parties and based upon its review of the docket and motion to dismiss, the Court grants in part Defendant's Motion to Stay Case.

**I. Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[1] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[2] Thus, the

---

[1] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997) (district court has broad discretion to stay proceedings as an incident to its power to control its own docket).

[2] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

longstanding "general policy in this district is not to stay discovery even though dispositive motions are pending."[3]

Although the general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule.[4] A stay pending a ruling on a dispositive motion is appropriate if the case is likely to be finally concluded by a ruling on the dispositive motion, the facts sought through remaining discovery would not affect the ruling on the dispositive motion, or discovery on all issues in the complaint would be wasteful and burdensome.[5] A stay may also be appropriate if the party requesting the stay has asserted absolute or qualified immunity in its dispositive motion.[6] "The proponent of a stay bears the burden of establishing its need."[7]

## II. A Stay During the Pendency of Defendant's Motion to Dismiss is Appropriate in this Case

Applying the factors set out above, the Court concludes that a stay of pretrial proceedings and discovery—until the District Judge rules on the pending motion to dismiss—is appropriate. The

---

[3] *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Kutilek v. Gannon*, 132 F.R.D. 296, 297 (D. Kan. 1990); *Kehler v. Ward*, No. 21-3251-HLT-ADM, 2022 WL 6993001, at *2 (D. Kan. Oct. 12, 2022).

[4] *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013); *McCoy*, 2007 WL 2071770, at *2; *Holroyd v. Dep't of Veterans Affairs*, No. 06-4133-SAC, 2007 WL 1585846, at *1 (D. Kan. June 1, 2007).

[5] *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1–2 (D. Kan. July 13, 2016).

[6] *Behrens v. Pelletier*, 516 U.S. 299, 305–07 (1996) (holding that immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the . . . immunity question").

[7] *Clinton*, 520 U.S. at 708.

Court finds this case is likely to be finally concluded by a ruling on Defendant's pending motion to dismiss. That motion seeks to dismiss Plaintiff's claims on the grounds they were previously dismissed with prejudice by another court, are untimely filed, and contain only the barest factual allegations that fail to identify any cognizable cause of action against Defendant. Plaintiff has not indicated he needs any discovery that would affect the ruling on the motion to dismiss. Finally, the Court concludes that allowing discovery to proceed on all issues in Plaintiff's Complaint would be wasteful, burdensome, and inconsistent with Fed. R. Civ. P. 1. Although the Court is staying discovery, it will require the parties to serve their initial disclosures, required by Fed. R. Civ. P. 26(a)(1)(A), upon each other.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Stay Case (ECF No. 17) is granted in part. All discovery and further pretrial proceedings, except Rule 26(a)(1) initial disclosures, are hereby stayed until the District Judge rules on Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 12).

**IT IS FURTHER ORDERED** that each party shall serve its Rule 26(a)(1)(A) initial disclosures on the other party <u>on or before **July 18, 2023,**</u> and shall file in the docket a notice indicating the date and manner in which it served its initial disclosures.

**IT IS FURTHER ORDERED** that if Defendant's Motion to Dismiss Plaintiff's Complaint is denied or any claims remain after the District Judge's ruling, the parties shall email the chambers of the undersigned Magistrate Judge, **<u>within ten (10) days of the ruling</u>**, with suggested dates for setting a scheduling conference.

IT IS SO ORDERED.

Dated June 27, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

3