**In the United States District Court
for the District of Kansas**

───────────

Case No. 23-cv-02090-TC

───────────

JASON MCDANIEL,

*Plaintiff*

v.

LAKEVIEW VILLAGE INC.,

*Defendant*

───────────

**MEMORANDUM AND ORDER**

Plaintiff Jason McDaniel, proceeding pro se, requests reconsideration of the Order dismissing his employment discrimination suit against his former employer, Lakeview Village, Inc. Doc. 28. His suit was dismissed on claim preclusion grounds, and in the alternative, untimeliness. Doc. 25.

Reconsideration of a final judgment may be warranted because of "an intervening change in the controlling law" or "the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see* Fed. R. Civ. P. 59(e). A court may also grant relief from a final judgment for "any other reason" to ensure justice is done. Fed. R. Civ. P. 60(b)(6). But such relief shall be granted "only in extraordinary circumstances and only when necessary to accomplish justice." *Shields v. Pro. Bureau of Collections of Maryland, Inc.*, 55 F.4th 823, 830 (10th Cir. 2022) (internal quotation marks omitted). Importantly, motions to reconsider are not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

Styled as a "motion to vacate final order," McDaniel's motion implicates Fed. R. Civ. P. 59(e). He asserts vacatur is proper because "the Missouri judge" had no jurisdiction to dismiss with prejudice,

1

McDaniel never had opportunity to litigate on the merits, and the statute of limitations was inappropriately applied. *See* Doc. 28. All three reasons are rehashing arguments that were addressed in the Order dismissing this suit, *see* Doc. 25 at 4–5, so none provides proper grounds for reconsideration, *Voelkel v. GMC*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Moreover, McDaniel provides no colorable claim that new evidence was discovered, there was a change in controlling law, or any binding legal precedent that suggests the initial Order clearly erred. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

For the foregoing reasons, Plaintiff's Motion to Vacate Final Order, Doc. 28, is DENIED.

It is so ordered.


Date: December 12, 2023              s/ Toby Crouse
                                     Toby Crouse
                                     United States District Judge